UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY W. LOVE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2401** |
| **FAMILY DOLLAR STORES, INC., ET AL** | **SECTION "T"(3)** |

Before the Court is a Motion, filed on behalf of Plaintiff, Betty W. Love, to remand this action to the 23rd Judicial District Court of St. James Parish, State of Louisiana [Doc. 18]. This Motion was set for hearing on February 8, 2006, without oral argument, and taken under submission solely on the briefs. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**ORDER AND REASONS**

**I.    BACKGROUND**

On May 24, 2004, the Plaintiff allegedly slipped and fell at The Family Dollar Store located in Vacherie, Louisiana. This suit was originally filed in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana . On June 14, 2005, the Defendants, Family Dollar of Louisiana, Inc. ("Family Dollar") and Travelers Insurance Company ("Travelers")

1

filed a Notice of Removal to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1441 alleging diversity jurisdiction.  Subsequently, on January 18, 2006, the Plaintiff filed this Motion to Remand, based on a lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000.  The Plaintiff attached an affidavit to her Motion to Remand stipulating that the Plaintiff  "is not seeking compensation for her damages in excess of $74,999.99."

## II.     LAW AND COURT'S ANALYSIS

The removing party bears the burden of establishing that federal jurisdiction exists.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995), cert. denied, 516 U.S. 865, 116 S.Ct. 180, L.Ed.2d 119 (1995).  "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Id. (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed.2d 845 (1938)).

"When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]."  De Aguilar, 47 F.3d at 1409, quoting De Aguilar v. Boeing Co. ("De Aguilar I"), 11 F.3d 55, 58 (5th Cir. 1993).

Jurisdictional facts that support removal must be judged at the time of removal.  Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).  A subsequent reduction of the amount claimed cannot oust the district court's jurisdiction.  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000); Marcel v. Pool Co., 5 F.3d 81, 84 (5th Cir. 1993).

Additionally, a unilateral, post-removal stipulation does not deprive the removal court of

jurisdiction.  Murphy Candies v. Monsanto Co., 1998 WL 57055, *2 (E.D. La.  Feb. 11, 1998) (citing St. Paul Mercury Indemnity Co.,  303 U.S. at 292).  Nevertheless, a post-removal stipulation or affidavit may be successful in effectuating a remand, in cases, in which such is used to clarify an ambiguous petition, rather than to reduce the initial amount in controversy, after removal.  Marcel, 5 F.3d at 85 (citing Associacion Nacional de Pescadores a Pequena Escala o Artesanales de Columbia v. Dow Quimica de Columbia S.A., 988 F.2d 559, 565 (5tth Cir. 1993).

In her Petition for Damages, the Plaintiff alleges that the slip and fall incident caused damage to her left knee, left hip, left buttocks, lower stomach and lower back.  The Plaintiff seeks a damages for her medical bills, lost wages, and pain and suffering.  Immediately after her fall, the Plaintiff was taken to an emergency room, where her left knee and hip were X-rayed. The Plaintiff has also undergone an MRI, repeated medical evaluations and physical therapy as a result of her fall.

Since her fall in the Family Dollar, the Plaintiff was also involved in automobile accident, which may have caused further injury to her left knee or aggravated her knee injury. Following the car accident, the Plaintiff required the assistance of a walker and had another MRI of her left knee.  Additionally, the Plaintiff underwent arthroscopic knee surgery, which revealed a torn lateral meniscus in the Plaintiff's knee.  Dr. Ory, who has repeatedly evaluated the Plaintiff, believes that there is an association between the left knee injuries caused by both the slip and fall and the auto accident.

The Defendants contend that because the Plaintiff's injuries required surgery and

extensive medical treatment, the amount in controversy exceeds $75,000.  Further, the Defendants contend that the general damages alone will exceed $75,000.  The Court agrees that the Defendants have established that the amount in controversy exceeds the jurisdictional requirement.  Therefore, the only other issue for this Court to decide is whether the Plaintiff's post-removal stipulation that her damages are below the jurisdictional amount is sufficient to defeat the jurisdiction of this court.

It is well established law that a post-removal affidavit, which stipulates that the Plaintiff's damages do not exceed $75,000, will not defeat federal diversity jurisdiction.  De Aguilar, 47 F.3d  at 1412.   In De Aguilar, the Fifth Circuit held that plaintiffs  who want to prevent removal must file a binding stipulation with their complaint because once the defendant removes the case to federal court later filings are irrelevant.

In this case, Ms. Love did not sign her Affidavit stipulating  that her claim was worth less than $75,000, until January 17, 2006.  So, the stipulation was not made until seven months after this case was removed on June 14, 2005.  Additionally, the Plaintiff did not state in her initial state court petition that her claim did not exceed $75,000.  Therefore, the Plaintiff's Motion to Remand should be denied.

Accordingly,

**IT IS ORDERED** that the Motion to Remand, filed on behalf of the Plaintiff, Betty W. Love, be and the same is hereby **DENIED**.

New Orleans, Louisiana, this 16th day of February, 2006.

 

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**