

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY W. LOVE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2401** |
| **FAMILY DOLLAR STORES, INC., ET AL** | **SECTION "T"(3)** |

Before this Court is a Motion for Summary Judgment, filed on behalf of the Defendant, Family Dollar [Doc. 17]. This Motion was set for hearing on February 8, 2006, without oral argument, and taken under submission solely on the briefs. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

### I.   BACKGROUND

This is a personal injury action arising out of a slip and fall at a Family Dollar Store in Vacherie, Louisiana on May, 24, 2004. The Plaintiff was in the store shopping for about 20

minutes before she slipped and fell in one of the aisles.

The Plaintiff has testified that she did not recall actually stepping in anything. In her deposition, the Plaintiff testified that she never looked at what she had slipped on, nor did she know the color of the substance or the size of the spill. Plaintiff does not know how the substance got on the floor prior to her fall, nor does her husband, who was in a different part of the store at the time of her fall.

After the Plaintiff's fall, Family Dollar Employee, Natoya Meggs, went to the aisle and saw a clear substance, later identified as "Mean Green," on the floor. The Plaintiff testified that no Family Dollar employee had indicated to her that they knew about spill prior to her fall. Natoya Meggs testified that she had walked through the area where the Plaintiff fell only five minutes before the incident to get something for another customer and at that time, she did not see the substance on the floor. In an affidavit, Nina J. Joseph, another customer at the Family Dollar, states that she saw the liquid on the floor ten to fifteen minutes prior to the Plaintiff's fall.

## II. Law and Analysis of the Court

### A. Summary Judgment

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes

2

demonstrate the absence of a genuine issue of material fact. Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**B.     Louisiana's "Slip and Fall" Law: Lousiana Revised Statute §9:2800.6**

Louisiana's "slip and fall" statute, La. R.S. 9:2800.6, applies to this case by virtue of the terms of the statute itself and interpreting case law. The statute specifically states:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

> (2) The merchant either created or hard actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B).

Under this law, the plaintiff must show that she was injured as result of a hazardous condition existing on the merchant's premises. In addition, the plaintiff must also show that the "merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and that the merchant failed to exercise reasonable care." La. R.S. 9:2800.6(B).

Because there is no evidence that Family Dollar created the hazard by dropping or placing the liquid on the floor or that Family Dollar knew of the existence of the liquid on the floor before the incident, the issue is whether the Plaintiff has evidence that Family Dollar had constructive notice of the liquid's existence on the floor prior to the incident. Constructive notice is deemed present when "the condition existed for such a period of time that it would have been discovered had the merchant exercised reasonable care." La. R.S. 9:2800.6 (C)(1). "Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time...." White v. Wal-mart Stores, Inc., 97-0393 (La. 9/9/97); 699 So.2d 1081, 1084 (La. 1997). Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the perquisite showing of some period of time." Id.

### C. Court's Analysis

Family Dollar argues that this Motion for Summary Judgment should be granted because the Plaintiff has failed to provide any evidence showing that Family Dollar had constructive notice of the "Mean Green" spill prior to the incident. Further, Family Dollar contends that the Plaintiff has failed to show that the spill existed for such a period of time that it should have been discovered by a merchant exercising reasonable care.

In her Opposition to this Motion for Summary Judgment, the Plaintiff argues that this Motion should be denied because the Plaintiff has provided evidence that the "Mean Green" spill existed prior to the Plaintiff's fall by attaching Ms. Joseph's affidavit to her Opposition. The Plaintiff claims that this affidavit defeats Family Dollar's Motion and raises the issue of whether 10 to 15 minutes is sufficiently lengthy to give a merchant constructive notice of the hazardous condition.

This Court agrees that the Ms. Joseph's affidavit does raise an issue of fact defeating Family Dollar's Motion for Summary Judgment. Ms. Joseph's affidavit provides evidence that the condition existed at the time of the fall and thus, there is an issue of fact as to whether 10 to 15 minutes is enough to give the merchant constructive notice of the dangerous condition. Therefore, Family Dollar's Motion for Summary Judgment is denied.[1]

---

[1] At the present time, the Court finds it necessary to the deny the Defendant's Motion for Summary Judgment based on the law and the facts as they exist at this time. The Court, however, may reconsider the issue, at a later date, if the Defendant reurges this Motion, after having a chance to depose the Plaintiff's witnesses, such as Nina J. Joseph, and better ascertain the facts involved in this case.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment, filed on behalf of the Defndant, Family Dollar, be and the same is hereby **DENIED**.

New Orleans, Louisiana, this 3rd day of March, 2006.

UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.